IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT GRIMSEY, and CEDAR CITY CAMPGROUND, LLC d/b/a Cedar City KOA,<br><br>       Plaintiffs<br><br>vs.<br><br>CAL LOEWEN, ROSLYN LOEWEN, and JOHN AND JANES DOES 1-10,<br><br>       Defendants. | ORDER<br><br>AND MEMORANDUM DECISION<br><br><br>Case No. 2:13-CV-173-TC |

This matter comes before the court on Plaintiffs' motion to remand the case back to the Fifth Judicial District Court of Utah on the basis that the court lacks subject matter jurisdiction over the Plaintiffs' complaint. For the reasons set forth below, the motion is GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Robert Grimsey and Cedar City Campground, LLC (d/b/a Cedar City KOA) filed a series of state law causes of action against Defendants Cal Loewen and Roslyn Loewen in the Fifth Judicial District Court for the State of Utah. In their state complaint, they allege that Mr. Grimsey is a resident of the State of Washington and that Cedar City Campground, LLC, is a limited liability company doing business in Cedar City, Utah. (See Am. Compl. ¶ 2, attached as Ex. B to Amended Notice of Removal (Docket No. 4).) They further allege that the Loewens reside in Utah.

After the Plaintiffs filed suit in state court, the Loewens removed this case to federal district court, contending that this court has diversity jurisdiction under 28 U.S.C. § 1332.  (See Amended Notice of Removal (Docket No. 4).)  The Loewens, in their Notice of Removal, allege the following:

> 8. Plaintiff Robert Grimsey is a resident of the State of Washington as alleged by Plaintiff in his Amended Complaint.
>
> 9. Plaintiff Cedar City Campground, LLC dba Cedar City KOA is an Arizona limited liability company and its only contact with Utah was that the Promissory Note, the subject of the dispute, was secured by property in Utah.
>
> 10. Defendants Cal Loewen and Roslyn Loewen do not currently and have never resided in Utah, including as of the date of filing of the Amended Complaint, and currently reside in the State of California.

(Id. ¶¶ 8-10 (internal citations omitted).)  To support their assertions, the Loewens attach affidavits in which they state that they are residents of California, not Utah.  (See Ex. A to Notice of Removal.)

After the Loewens removed the case, Plaintiffs filed a motion to remand (Docket No. 11) on the basis that there is a lack of complete diversity of citizenship, which is a necessary jurisdictional requirement under 28 U.S.C. § 1332.  In their motion to remand, the Plaintiffs challenge the Loewens' sworn statements that they are residents of California.  To support their argument, the Plaintiffs primarily point to an email from Mr. Loewen in which he identifies himself as a resident of Arizona.  That unsworn statement, according to the Plaintiffs, belies Mr.

Loewens' sworn statement that he is a California resident. The Plaintiffs then argue that because the KOA is an Arizona limited liability company, Mr. Loewen's purported residency in Arizona destroys diversity jurisdiction.

## ANALYSIS

To have diversity jurisdiction, the amount in controversy must exceed $75,000 (an element not disputed here) and the citizenship of parties on one side of the conflict must be completely different from the citizenship of the parties on the other side of the litigation. 28 U.S.C. § 1332(a); Salt Lake Tribune Publ'g Co., LLC v. AT&T Corp., 320 F.3d 1081, 1096 (complete diversity means "[n]o plaintiff can be a citizen of the same state as any defendant."). There is a presumption against removal jurisdiction, and all doubts are resolved in favor of remand. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).

Here, the Loewens contend that the Plaintiffs are citizens of Washington and Arizona, and the Loewens are citizens of California.[1] Accordingly, they conclude that there is complete diversity among the parties. The Plaintiffs agree that Mr. Grimsey and the KOA are citizens of Washington and Arizona respectively, but they argue that the Loewens are citizens of Arizona, not California, in which case diversity would not exist. Both parties' analyses are incorrect.

The parties assume that because the LLC was formed in Arizona, it must be a resident of Arizona for purposes of determining diversity jurisdiction. Their assumption is incorrect. The citizenship of a limited liability company is determined by the citizenship of its members, not the state in which it was formed. "Although the Tenth Circuit has not directly addressed the issue,

---

[1] The court need not address the Loewens' argument that the parties should be realigned to establish diversity jurisdiction.

3

the consensus among the circuits is that an LLC is deemed a citizen of all the states in which each of its members are citizens." Procom Supply, LLC v. Langner, Case. No. 12-cv-391-MSK-KMT, 2012 WL 4856724, at * 2 (D. Colo. Oct. 11, 2012) (unpublished) (internal citations omitted); see also Birdsong v. Westglen Endoscopy Ctr., 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001) (an LLC "is a citizen of each state of which a member is a citizen."). Without a list of the LLC's members and their citizenship, the court cannot determine whether it has diversity jurisdiction, regardless of how the court would resolve the dispute about the Loewens' citizenship.

The proponents of federal jurisdiction—here, the Loewens—bear the burden of establishing diversity jurisdiction. Laughlin v. Kmart Corp., 50 F.3d at 873. And the allegations establishing jurisdiction must be in the complaint or on the face of the notice of removal. Id.; Four Aces Mobile Home Estates v. Lundahl, 35 F. Supp. 2d 1337, 1339-40 (D. Utah 1998); Procom Supply LLC, 2012 WL 4856724 at *2 (D. Colo. Oct. 2012) (holding that failure to identify whether other members of the LLC exist and, if so, their citizenship, required remand to state court).

The Loewens have not pled the jurisdictional facts necessary to establish the residency of the LLC (that is, a list of the LLC members and where each member resides). Because the removal papers do not supply the court with the information needed to determine whether it has diversity jurisdiction, the Loewens have not met their burden to establish that the court has subject matter jurisdiction over this action. Accordingly, the court must remand to state court.

**ORDER**

For the foregoing reasons, the Plaintiffs' Motion to Remand (Docket No. 11) is

GRANTED. The Clerk of the Court is directed to return the case to the Fifth Judicial District Court of the State of Utah, Iron County.

DATED this 7th day of May, 2013.

BY THE COURT:

*/s/ Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge